IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William Malone, ) | |
| ) | |
| ) | Civil Action No. 6:06-2631-RBH-BHH |
| Plaintiff, ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| vs. ) | |
| ) | |
| Greenville County, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the plaintiff's motion to strike the summary judgment motion of the defendant.[1] Specifically, the plaintiff argues that the motion was filed on November 13, 2007 [Doc. 62], 29 days after the deadline for dispositive motions had expired [Doc. 26 (Motions due by October 15, 2007)], without leave or explanation. In fact, the defendant did not complete the filing of its motion until January 11, 2008, when it sought leave to file evidence in support of its motion under seal. [Doc. 91.] The plaintiff argues that the defendant must show excusable neglect for his failure to timely file the summary judgment motion and yet has failed to offer any explanation whatsoever. The defendant responds that (a) the scheduling deadline was "arbitrary;" (b) excusable neglect is an "elastic" concept; (c) the defendant did not act in bad faith; and (d) the parties were operating in reliance on some sort of "informal agreement," memorialized in the Court's motions deadline.

---

[1] The Court's decision will also affect the defendant's motion to seal deposition excerpts [Doc. 91], which will be addressed herein.

**DISCUSSION**

Because the defendant waited until after the expiration of the motions deadline to request an extension of the same, the matter is governed by the "excusable neglect" standard of Rule 6(b)(2) of the Federal Rules of Civil Procedure.[2] Rule 6 reads in relevant part: "When by . . . order of court an act is required . . . to be done . . . within a specified time, the court for cause shown may at any time in its discretion . . . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . ." Fed. R. Civ. P. 6(b)(2). Accordingly, in order to defend the propriety of its late filed motion for summary judgment, the defendant must have (1) filed a motion seeking leave to file the summary judgment motion late and (2) shown within that motion "excusable neglect" for having failed to file the summary judgment motion within the original time. The defendant has done neither.

First, the defendant has never filed any motion seeking an extension of the time in which it could file a motion for summary judgment. This is not an insignificant consideration. *See Lujan v. National Wildlife Federation*, 497 U.S. 871, 873 (1990) (finding a post-deadline extension must be "upon motion made" and stating "[he]re, respondent made no motion for extension nor any showing of "cause"). In neither its motion nor its memorandum in support of summary judgment, does the defendant ever make any comment about the untimeliness of the motion, either to acknowledge it or explain it. [See Doc. 62.] The defendant has only now addressed the matter in response to the plaintiff's motion to strike. It is worth noting that Rule 6 expressly requires a motion to seek an extension of an already expired deadline, and expressly *does not* require a motion to extend an unexpired deadline. *See* Fed. R. Civ. P. 6(b)(1)&(2).

---

[2] This Rule has since been amended. *See* Fed. R. Civ. P. 6(b)(1)(B). In the Court's opinion, the amendment has had no material effect on the applicable legal standard. Moreover, the motions deadline in this case expired, and the plaintiff's motion to strike was filed, before the effective date of the amendment, December 1, 2007. The Court, therefore, will apply the previous language of Rule 6 to the matter before it.

Second, the defendant has never attempted to demonstrate "excusable neglect." In fact, the defendant has made no real effort to account for the late filing at all. The Court will address the defendant's arguments in turn.

The defendant first argues that a late filing may be allowed "after an arbitrarily set deadline." (Def. Resp. at 1.) Contrary to the defendant's conclusory declaration, the scheduling order and its motions deadline are not "arbitrary," as the defendant would mean that word. In the strict sense that any given deadline might just as easily been established the day before or the day after the date on which it was actually constituted, the deadline might be viewed as arbitrary. But insofar as the defendant would like to imply that the deadline, therefore, wants of either importance or firmness for its randomness, the defendant is very much in error.

This district has long recognized, and repeatedly so, that "[a] scheduling order is not a frivolous piece of paper, idly entered, *which can be cavalierly disregarded by counsel without peril*." *Dilmar Oil Co., Inc. V. Federated Mt. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C.1997) (emphasis added) (citing *Jordan v. E.I. du Pont de Nemours*, 867 F. Supp. 1238, 1250 (D.S.C.1994)). The Honorable Bryan Harwell has affirmed this established axiom. *See Campbell v. Gala Industries, Inc.*, 2006 WL 1285107, at *1 (D.S.C. May 05, 2006). While state courts do not have the luxury of meticulously guarding the schedule and management of the cases in their overcrowded dockets, the federal courts are vigilant and sincere in ensuring predictability for litigants and their attorneys and efficiency for the court and its justice.

Further, the defendant appears to have conflated its participation in the establishment of the motions deadline, in the first instance, with a disinterest by the Court over the same. Specifically, the defendant would suggest that, because the motions deadline was extended from its original date on June 6, 2007 to October 15, 2007, at the request of the parties themselves, the Court, therefore, has no specific interest in

3

enforcement of the new deadline. (See Def. Resp. at 3.) Nothing could be further from the truth.

When the Court establishes its original schedule, it expects that it will be precisely followed absent a request by the parties for modification. Any request for an extension from the parties, is merely that - a request. In the event the request is granted, that grant necessarily manifests the Court's adoption of the date as its own and imbues the new deadline with all of the authority and interest of the Court. In other words, the extension is more than just "a reflection of the informal agreement between the parties," as the defendant suggests. (Def. Resp. at 3.) In that moment, the new deadline is literally transformed from the mere desire of one or both of the parties into a "timetable imposed by the Court," precisely for "its own convenience and necessity," notwithstanding the defendant's demand to the contrary. *Id.*

That is not, of course, to say that an extension of time reflects exclusively the will and necessity of the Court. Obviously, it is to accommodate the needs of the parties so requesting. And, to that end, this Court would emphasize that it *freely* and regularly grants extensions of time, in recognition of the immensely complicated and burdensome caseloads of the attorneys before it. The Court is not unsympathetic. But it is precisely this liberality of treatment that makes a failure to timely request an extension and then a subsequent and expressed disregard for the importance of the deadline virtually unjustifiable.

Further, the Court would take judicial notice that the Court takes so seriously its interest in the scheduling order that cases are not uncommonly dismissed pursuant to the Court's inherent right "to control litigation before [it]." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). "[T]hat authority includes the power to order dismissal of an action for failure to comply with court orders." *Id*. Plaintiffs in this district regularly bear the brunt of these decisions for failure to participate in discovery or summary judgment. In the absence of explanation, it is difficult to justify treating defendants at summary judgment any

4

differently, particularly based on an argument that the Court somehow has no real interest in the firmness of the deadlines established.

The defendant next contends that the concept of "excusable neglect" is an "elastic" one. The statement on its face is true. The United States Supreme Court, in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd.*, 507 U.S. 380, 392 (1993), stated, "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. The defendant, however, cannot use the flexibility of the legal standard to justify an excuse that it has never given. The defendant does not allege mistake, inadvertence, ignorance, or that some circumstances beyond its control prevented a timely filing. It alleges no excuse whatsoever.

The only excuse remotely given is that the parties agreed to allow a deposition of a key witness to be taken *after expiration of the motions deadline*. (Def. Resp. at 3, 5, Ex. 1.) But, this cannot constitute an excuse of the defendant for not filing a timely summary judgment motion because it was a deposition noticed and taken by ***the plaintiff*** of the defendant's *own employee*, Sheriff Loftis. *See id*. In other words, the defendant was not delaying submission of a motion for summary judgment until it could take one final and critical deposition, as it would imply – because the defendant did not take the deposition. And, whatever essential information was obtained from Loftis in the deposition could have been obtained by way of an affidavit at any time prior. The defendant does not contend otherwise or suggest in any way that Loftis's testimony was rendered unavailable to it until after the expiration of the motions deadline. The rational offered constitutes no excuse.[3]

---

[3] There is no rational argument that the plaintiff implicitly consented to the extension of the motions deadline in return for the ability to take the deposition of Loftis. The defendant does not allege that such was the express agreement between the parties and there is no evidence to that effect. That is certainly not a result flowing naturally from the simple agreement to allow the plaintiff to take a late deposition, especially when the deponent is the defendant's employee.

5

As the parties rightly recognize, in determining whether a party has shown excusable neglect, courts generally consider the following:

(1) the danger of prejudice to the non-moving party;
(2) the length of delay and its potential impact on judicial proceedings;
(3) the reason for the delay; and
(4) whether the movant acted in good faith.

*See Colony Apartments v. Abacus Project Management, Inc.*, 197 Fed. Appx. 217, 223 (4th Cir. 2006); *Thompson v. E.I. EuPont de Nemours*, 76 F.3d 530, 534 (4th Cir. 1996) (seminal decision interpreting "excusable neglect" in the context of Federal Rule of Appellate Procedure 4(a)). "The most important factor is the third - the reason for the delay." *Colony*, 197 Fed. Appx. at 223; *see also Thompson*, 76 F.3d at 534.

In this case, the defendant's complete failure to explain the delay is essentially fatal to its ability to prevail against the plaintiff's motion. It has established no reason for delay under the third and most critical consideration in the analysis. And that failure is compounded by an apparent disregard, even at this stage, for the seriousness of both the deadline and the defendant's responsibility to cure, with deference, whatever misstep it might have made. And while the defendant argues that there is no evidence of bad faith, the defendant's dismissiveness, in the opinion of the Court, begins to approach that concept particularly in the absence of any explanation. As will be discussed below, the defendant, without explanation or leave, simply waited an additional two months before seeking to file any evidence in support of its motion.

The delay is fairly egregious. Although not a delay of many months, the Court is certainly aware of practitioners who would go to all necessary lengths to avoid a delay of even a single minute and of judges who would give them good reason to so fear. In the Court's estimation, 29 days is a substantial period of time to pass after a deadline, without any notice or explanation to the Court. It is not the delay of merely a matter of days. *See, e.g.*, U.S. v. Clark, 1988 WL 70413 (4th Cir. July 05, 1988) (5 day); *Information Control*

*Systems, Inc. v. Avesta Technologies, Inc.*, 2000 WL 33422616 (W.D.N.C. April 11, 2000) (3 day); *Redmond v. O'Sullivan Rubber Co.*, 10 F.R.D. 519 (W.D. Va. 1943) (4 day).

Moreover, the defendant's summary judgment was not completely filed even on November 13, 2007. That motion and memorandum of law were accompanied by no evidence. [See Doc. 62.] The defendant did not attempt to supplement its motion until two months later when it filed a motion to seal deposition excerpts, on January 11, 2008. [Doc. 91.] So, technically, a properly supported motion for summary judgment was not filed until nearly 3 months after the expiration of the motions deadline. Remarkably, the defendant again made no explanation for why it simply waited two months to request to file deposition excerpts. Had the Court considered the motion for summary judgment on its merits at any time prior to January 11, the motion would have been dismissed for the defendant's complete failure to meet its burden under Fed. R. Civ. P. 56 and DSC Local Rule 7.05. The total delay was unreasonable as it was unjustified.

The prejudice to the plaintiff is likely minimal as, ultimately, he cannot escape whatever legal arguments the defendant has against his case. Notwithstanding, there is a cost of defending the motions argument at this stage, which could be avoided if the case went to trial.

The defendant's professed concern that to strike the motion for technical reasons is to do so at the expense of the merits of the case is unavailing. Nothing in the Court's ruling precludes a resolution of this case on its merits, both legal and factual.

Although the decision is ultimately within the Court's discretion, it is difficult to exercise discretion in favor of finding excusable neglect where no excuse has been offered. In the first instance, the defendant did not take the initiative to cure its error and then, even after the plaintiff's motion to strike, failed to make an account for itself. The Fourth Circuit has emphasized that "'[e]xcusable neglect' is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. EuPont de Nemours*, 76 F.3d 530, 534 (4th Cir. 1996). The Sixth

7

Circuit has likewise concluded that "the excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir.1989) (interpreting "excusable neglect" in the context of Federal Rule of Appellate Procedure 4(a)(5)). Where no reason for the delay has been given, the Court is unaware of how it may excuse it.[4]

## CONCLUSION

Wherefore, it is hereby recommended that the plaintiff's motion to strike the defendant's motion for summary judgment [Doc. 65] be GRANTED. For the same reasons, the defendant's motion to seal deposition excerpts [Doc. 91] should be DENIED. If the recommendation is adopted by the district court, then the summary judgment motion [Doc. 62] should be removed from the docket.

s/Bruce H. Hendricks
United States Magistrate Judge

February 22, 2008
Greenville, South Carolina

---

[4] The defendant proffers what amount, in the Court's estimation, to petty accusations against the plaintiff for failing to meet other deadlines in the case. The Court has reviewed the examples and finds them not credible or persuasive. They are a red herring from the issue at hand.

8