IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| William Malone, | ) | |
| | ) | C.A. No.: 6:06-2631-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Greenville County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Bruce Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

No objections have been filed to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198,

1

199 (4th Cir. 1983). However, in the case at bar, the Court respectfully declines to adopt the Report.

In this action, the defendant filed a motion for summary judgment twenty-nine (29) days after the deadline in the scheduling order for dispositive motions. Defendant also filed a motion to seal certain deposition excerpts referred to in the memorandum in support of the motion for summary judgment. Plaintiff has filed a motion to strike the motion for summary judgment on the basis that it was not timely filed pursuant to the deadlines set in the scheduling order. The Magistrate Judge recommended that the motion to strike be granted and accordingly found the motion to seal to be moot.

The court does not condone filing motions after the deadline established in the scheduling order, where the permission of the court to do so was not obtained. However, in the case at bar, the court finds that excusable neglect has been shown. *See* Fed. R. Civ. P. 6(b)(1)(B). Here, the defendant's summary judgment motion was filed within one month of the deadline and the plaintiff apparently took the deposition of the defendant's decision-maker after the deadline for discovery in the scheduling order had expired. It is unclear whether the late deposition of the defendant's decision-maker was taken at a time to accommodate the deponent's schedule or counsel's schedule. Defense counsel claims that he was waiting until after the deposition before filing the motion for summary judgment. Regardless, neither party adhered to the scheduling order and discovery was conducted outside the scheduling order. Neither party requested to extend the discovery period in the scheduling order. The Court does not know whom to believe as to whether there was an informal agreement or whether some other reason existed to take the deposition outside the discovery deadline.

Regardless, the fact remains that the original scheduling order was not adhered to for discovery purposes. Additionally, the fact remains that prejudice to the plaintiff is minimal.

The court accordingly finds it to be in the interest of judicial economy and possible narrowing of the issues to allow consideration of the defendant's motion for summary judgment. The plaintiff shall also have the right to file a motion for summary judgment within ten days if he chooses to do so.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to strike the defendant's motion for summary judgment [docket #65] is hereby **DENIED**. The defendant's motion to seal deposition excerpts [docket #91] and the motion for summary judgment are recommitted to the Magistrate Judge.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
April 10, 2008