UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| William Malone, | ) | Civil Action No.: 6:06-2631-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| | ) | **ORDER** |
| Greenville County, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff filed this action on September 22, 2006 alleging causes of action for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. and the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b. Before the Court for consideration are the parties' cross Motions for Summary Judgment.

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). In her Report, Magistrate Judge Hendricks carefully considers the issues and recommends that both motions be denied. Plaintiff filed objections to the Report on August 28, 2008. Defendants have not filed any objections.

In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of

1

scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The defendant has filed no objections to the Report and Recommendation. In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the portion of the Report which recommends denial of the defendant's motion for summary judgment is adopted without further discussion. The court will, however, address the plaintiff's objections to the recommendation that his motion for summary judgment be denied.

**Facts**

The court agrees with the factual background as set forth by the Magistrate Judge in her Report and Recommendation.

**Legal Standard for Summary Judgment**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of proving that judgment on the pleading is appropriate. Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

When no genuine issue of any material fact exists, summary judgment is appropriate. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. Id. However, "the

mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In this case, defendant "bears the initial burden of pointing to the absence of a genuine issue of material fact." Temkin v. Frederick County Commrs, 845 F.2d 716, 718 (4th Cir. 1991) (citing Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986)). If defendant carries this burden, "the burden then shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." Id. at 718-19 (citing Anderson, 477 U.S. at 247-48).

Moreover, "once the moving party has met its burden, the nonmoving party must come forward with some evidence beyond the mere allegations contained in the pleadings to show there is a genuine issue for trial." Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The nonmoving party may not rely on beliefs, conjecture, speculation, of conclusory allegations to defeat a motion for summary judgment. Id. and Doyle v. Sentry, Inc., 877 F. Supp. 1002, 1005 (E.D. Va 1995). Rather, the nonmoving party is required to submit evidence of specific facts by way of affidavits (see Fed. R. Civ. P. 56(e)), depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material factual issue for trial. Baber, 977 F.2d 872, *citing* Celotex Corp., supra. Moreover, the nonmovant's proof must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data Gen. Corp., 12 F.3d 1310, 1316 (4th Cir. 1993); DeLeon v. St. Joseph Hosp., Inc., 871 F.2d 1229, 1223 n. 7 (4th Cir. 1989). Unsupported hearsay evidence is insufficient to overcome a motion for summary judgment. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547 (5th Cir. 1987); Evans v. Techs. Applications & Servs. Co., 875 F. Supp. 1115 (D. Md. 1995).

**Plaintiff's Objections**

Plaintiff contends that the Magistrate Judge erred in determining that he is not entitled to an order granting summary judgment as to liability under the ADA on the basis that he has failed to prove causation as a matter of law. He also asserts that the court should grant him summary judgment as to his claim for declaratory and injunctive relief under the ADA. He also asserts that he should not be limited at trial to showing "working" as the major life activity at issue. Finally, he contends that, in recommending denial of the plaintiff's motion for summary judgment under the Fair Credit Reporting Act, the Magistrate Judge relied improperly on the deposition testimony by an official of Greenville County which contradicted his answers to interrogatories.

**Analysis**

As noted by the Magistrate Judge, the plaintiff's ADA claim encompasses four alleged violations of the Act (1) making a medical inquiry before making a "real" conditional offer of employment; (2) failing to segregate the medical and non-medical information received from the plaintiff on separate forms and in separate medical files; (3) failing to hire him due to the fact that he was "regarded as" disabled; and (4) refusing to polygraph him resulting in an improper classification.

The Magistrate Judge found that several portions of the application process, including the medical exam, the credit report check, physical abilities test, drug screen, drug use questions and polygraph examination, had not been completed at the time the defendant extended the plaintiff a conditional offer and made inquiries regarding his medical history.[1] However, the Magistrate Judge relied upon Buchanan v. City of San Antonio, 85 F.3d 196 (5th Cir. 1996) in finding that "the plaintiff

---

[1] The ADA prohibits a prospective employer from conducting a medical exam or making "inquiries of a job applicant as to whether such applicant is an individual with a disability" until after an offer of employment has been made. 42 U.S.C. § 12112(d)(2)(A).

must still prove a causal link between the defendant's improper medical inquiry and some injury." Report and Recommendation, p. 11. Plaintiff contends that the Fifth Circuit in Buchanan was addressing causation as it pertained to damages and not to liability and that his motion for summary judgment as to liability should be granted with regard to his ADA claims.[2]

Although the plaintiff has proved some technical violations of the Act by the defendant, he must also prove actual injury resulting from a discriminatory motive in order to go forward with a claim under the ADA. See Armstrong v. Turner Industries, 141 F.3d 554, 562-63 (5th Cir. 1998). The Fourth Circuit cited Buchanan with approval in Baird ex rel. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999), a case arising under § 12312 of the ADA. The Fourth Circuit stated, "Thus, if a plaintiff claiming discrimination under § 12132 demonstrates that his or her disability played a motivating role in the employment decision, the plaintiff is entitled to relief. . . Damages may not be awarded for such a violation, however, if the defendant 'would have taken the same action in the absence of the impermissible motivating factor". . . In such circumstances, relief is limited to declaratory and injunctive relief, costs, and attorneys' fees. " Id., 192 F.3d at 470.

In the case at bar, there are issues of fact for the jury as to whether the disability played a motivating role in the employment decision. There is also a factual issue as to whether the Sheriff even knew that the plaintiff was diabetic. Therefore, the Court denies the plaintiff's motion for summary judgment with regard to liability. In addition, under Baird, it would be premature at this time for the Court to award the plaintiff declaratory or injunctive relief.

Plaintiff next asserts that he should not be limited to relying on the major life activity of

---

[2] Plaintiff concedes in his objections that he is not entitled to summary judgment on liability on his claim based on failure to segregate the medical from the non-medical information. See Footnote 2.

"working", since there are many major life activities implicated by seizures that are recognized by the ADA. The Court will not limit the plaintiff from taking the position that other major life activities may be implicated.

Finally, the plaintiff contends regarding his FCRA claim that the Magistrate Judge erred in finding there are factual issues regarding causation. He contends that the defendant should be bound by the "admissions" made in its answers to interrogatories and that the subsequent deposition testimony by Officer Williams should not be considered which indicated that he was not aware of when the credit report came in relation to the decision not to hire the plaintiff.[3] The Court notes that interrogatory answers may be amended[4] and finds there are factual issues relating to whether any violation of the statute resulted in injury to the plaintiff. Plaintiff can of course cross-examine the defendant's representatives regarding the Answers to Interrogatories.

## Conclusion

For the foregoing reasons, the undersigned overrules all objections except as indicated, adopts and incorporates the Report and Recommendation of the Magistrate Judge as modified herein, and **DENIES** the parties' cross motions for summary judgment.

---

[3] See Answers to Interrogatories and deposition testimony of David Williams attached to the plaintiff's motion in limine, docket #76.

[4] "A party may be embarrassed by its answer to a pretrial interrogatory in which it took a position different from one that it later asserts, and it is right that it should have to explain its change of position, but its answer to the interrogatory should not be a bar to taking a different position at the trial. Of course, the supplementation requirements of Rule 26(e) must also be complied with." 8A Wright and Miller, FEDERAL PRACTICE AND PROCEDURE, § 2181. [In the case at bar, the additional information was provided at a deposition as allowed by Fed. R. Civ. P. 26(e)(1)(A).]

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

September 30, 2008
Florence, South Carolina

7